**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4757**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

MOHAMED BABAR SANGARIE,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   J. Frederick Motz, Senior District
Judge.  (8:09-cr-00020-JFM-1)

_____

Submitted:  April 8, 2011          Decided:  April 29, 2011

_____

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

John T. Riely, I, Bethesda, Maryland; John O. Iweanoge, II, THE
IWEANOGES' FIRM, PC, Washington, DC, for Appellant.   Rod J.
Rosenstein, United States Attorney, Michael R. Pauzé, Jonathan
Su, Assistant United States Attorneys, Greenbelt, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mohamed Babar Sangarie was sentenced to twenty-four months of imprisonment for twenty counts of aiding and abetting false income tax returns, in violation of 26 U.S.C. § 7206(2) (2006). On appeal, he raises three issues: (1) whether sufficient evidence supported his convictions; (2) whether the district court erred by admitting into evidence Sangarie's own tax returns; and (3) whether imposition of Sangarie's $100,000 fine was reversible error. For the reasons that follow, we affirm.

First, viewing the evidence as required, Glasser v. United States, 315 U.S. 60, 80 (1942), we find the jury's findings of guilt are supported by substantial evidence. United States v. Alerre, 430 F.3d 681, 692-93 (4th Cir. 2005). Thus, this claim fails.

Second, we find no clear abuse of discretion in the district court's decision to allow Sangarie's own tax returns into evidence. United States v. Russell, 971 F.2d 1098, 1104 (4th Cir. 1992) (stating review standard). We find no reversible error by the district court under Fed. R. Evid. 403 or otherwise. United States v. Heyward, 729 F.2d 297, 301 n.2 (4th Cir. 1984) (noting that Rule 403 probative/prejudicial balance struck by district court will not be overturned except

under the most extraordinary of circumstances).  Accordingly, this claim fails.

Finally, Sangarie's argument that he cannot afford the $100,000 fine normally is reviewed for clear error.  18 U.S.C. § 3742(e) (West 2000 & Supp. 2010); United States v. Aramony, 166 F.3d 655, 665 (4th Cir. 1999).  Because this issue is raised for the first time on appeal, however, we review the issue only for plain error.  Fed. R. Crim. P. 52(b); United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995) (noting that, because Appellants failed to object during sentencing to the calculation of fines and restitution, they waived appellate review absent plain error).  Sangarie has failed to establish the demanding burden of showing plain error on appeal.  United States v. Olano, 507 U.S. 725, 732-35 (1993); United States v. Grubb, 11 F.3d 426, 440-41 (4th Cir. 1993).  Thus, this claim also fails.

Accordingly, we affirm Sangarie's convictions and sentence (which includes his fine).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED